UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DRINNON MARINE, LLC                                         CIVIL ACTION

VERSUS                                                       NO. 19-12485

FOUR RIVERS TOWING OF                                       SECTION M (3)
ALABAMA, LLC, *et al.*

## ORDER & REASONS

Before the Court is the amended motion of defendant Charles Richard "Sam" Kinzeler for summary judgment.[1]  Plaintiff Drinnon Marine, LLC ("Drinnon Marine") opposes the motion.[2] Kinzeler replies in further support of his motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion for summary judgment.

This is a case involving claims for breach of contract and open account on a charter agreement for the *M/V Hazel Ann*. In the present motion, the parties dispute whether Kinzeler contracted with Drinnon Marine personally, on his own behalf, or as an agent of Four Rivers Towing, LLC ("Four Rivers"). In his motion, Kinzeler points to the oral charter, invoices, and the deposition testimony of Evelyn and Homer Drinnon to argue that he should be dismissed as a defendant because he cannot be held personally liable in this case as he negotiated the charter only in his capacity as *manager* of Four Rivers.[4] In opposition, Drinnon argues that the same evidence,

---

[1] R. Doc. 38.
[2] R. Doc. 40.
[3] R. Doc. 43.
[4] R. Doc. 38.

particularly the testimony of Evelyn and Homer Drinnon, demonstrates that Drinnon Marine was contracting with Kinzeler individually.[5]

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

"The determination of whether an agency relationship was sufficiently disclosed or made known is a factual determination." *Stein Eng'rs, Inc. v. Bayou Country Assocs., LLC*, 2020 WL 4746400, at *3 (La. App. Aug. 17, 2020); *see also GWS Eng'g, Inc. v. Gomez*, 135 So. 3d 71, 76 (La. App. 2013) ("The determination of whether an agency relationship exists and in turn, whether that relationship has been disclosed, is a factual determination which must be decided on a case-by-case basis."); *Trahan v. Doerle Food Servs., LLC*, 112 So. 3d 915, 921 (La. App. 2013) ("Crucially, this [agency] relationship is a genuine issue of material fact which precludes the grant of a summary judgment."); *Mallinger v. Neal Auction Co.*, 2018 WL 1604982, at *4 (E.D. La. Apr. 3, 2018) (under Louisiana law, "[d]etermining whether the agent put the party with whom it was dealing on notice of a principal-agent relationship is a factual determination to be decided on a case-by-case basis").

---

[5] R. Doc. 40.

On the record before the Court, there is a genuine issue of material fact regarding Kinzeler's role in contracting with Drinnon Marine. Therefore, summary judgment is inappropriate at this time.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion of defendant Charles Richard "Sam" Kinzeler for summary judgment is DENIED.

New Orleans, Louisiana, this 5th day of January, 2021.

                                                      BARRY W. ASHE
                                                     UNITED STATES DISTRICT JUDGE